UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


BRENDIA JOYCIA FORD, ET AL

VERSUS                                          CIVIL ACTION

FEDERAL EMERGENCY MANAGEMENT                    NUMBER 07-263-JVP-SCR
ADMINISTRATION, ET AL

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, September 21, 2007.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BRENDIA JOYCIA FORD, ET AL

VERSUS                                                CIVIL ACTION

FEDERAL EMERGENCY MANAGEMENT                          NUMBER 07-263-JVP-SCR
ADMINISTRATION, ET AL

## MAGISTRATE JUDGE'S REPORT

This case is before the court on an order to plaintiff Brendia Joycia Ford show cause why the complaint should not be dismissed for failure to serve the defendants within the time allowed by Rule 4(m), Fed.R.Civ.P.  Record document number 22.

Pro se plaintiff Brendia Joycia Ford filed this action presumably pursuant to 42 U.S.C. § 3789d, 42 U.S.C. § 1414 and 42 U.S.C. § 2000d against the Federal Emergency Management Administration (FEMA), Joy Marshall and David Ajayi.  The complaint was filed originally in the United States District Court for the Eastern District of Louisiana and was then transferred to this court.[1]

Ford alleged that she is the trustee of the Second Chance Academy College Preparatory School for the Gifted and Talented,

---

[1] When the complaint was filed there were numerous other plaintiffs.  Plaintiff Brendia Joycia Ford is now the only remaining plaintiff in this case.  See record document numbers 10, 11, 20 and 21.

located on Lanier Drive, Baton Rouge, Louisiana. Ford alleged that FEMA failed to provide emergency funding and fraudulently denied three appeals filed by the Second Chance Academy. Ford alleged that Ajayi and Marshall intervened in the matter on behalf of FEMA. Ford further alleged that she filed complaints with state and federal law enforcement agencies, the Louisiana Department of Justice and the United States Attorney General regarding misconduct by Baton Rouge City Police officers related to the arrest and indictment of DeAnthony Ford and for the removal of children from the Second Chance Academy in 2005.

A complaint against the Untied States, or an agency, officer or employee of the United States, must be served by delivery of a copy of the summons and complaint to both the United States Attorney for the district in which the action is brought and to the Attorney General of the United States. Rule 4(i)(1)(A),(B), Fed.R.Civ.P. Additionally, a plaintiff suing an agency or an officer or employee in an official capacity must send a copy of the summons and the complaint by registered or certified mail to the officer or agency. Rule 4(i)(2)(A), Fed.R.Civ.P.

Service on an employee of the United States sued in his individual capacity for acts or omissions occurring in connection with the performance of duties on behalf of the United States is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by serving the officer or employee in the manner

prescribed by Rule 4(e),(f), or (g). Rule 4(i)(2)(B), Fed.R.Civ.P.

Plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m) of Rule 4.

Rule 4(m) provides:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

In her response to the show cause order[2] Ford offered no explanation for why she failed to properly serve the defendants with a summons and the complaint.

Under Rule 4(m), the plaintiff had 120 days from the date she filed her complaint to serve the defendants. Ford filed her complaint on February 12, 2007, in the United States District Court for the Eastern District of Louisiana.

Plaintiff bears the burden of showing good cause for failure to make timely service.[3] Plaintiff has not served the defendants within the time allowed under Rule 4(m), nor has she demonstrated

---

[2] Record document numbers 23.

[3] To establish good cause, a plaintiff must demonstrate at least as much as would be required to show excusable neglect, and simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice. *Lindsey v. United States Railroad Retirement*, 101 F.3d 444, 446 (5th Cir. 1996).

good cause for failing to do so.

Even without a showing of good cause, the court may exercise its discretion to extend the time for service.  However, a review of the record does not support granting an extension in this case.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed for failure to serve the defendants within the time allowed by Rule 4(m), Fed.R.Civ.P.

Baton Rouge, Louisiana, September 21, 2007.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE